UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-45-TWP-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ERICA HOWARD | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERICA HOWARD, )<br>)<br>Defendant. ) | Case No. 1:18-cr-00045-TWP-TAB |

**ORDER DENYING RENEWED MOTIONS FOR COMPASSIONATE RELEASE**

This matter is before the Court on *pro se* Defendant Erica Howard's ("Ms. Howard") Motion to Reconsider, (Dkt. 42), the denial of her request for compassionate release, and Renewed Motion for Compassionate Release, (Dkt. 43). For the reasons explained below, Ms. Howard's Motions are **denied**.

### I.  PROCEDURAL BACKGROUND

On October 21, 2020, the Court denied Ms. Howard's Motion for compassionate release pursuant to § 603 of the First Step Act, which is codified at 18 U.S.C. § 3582(c)(1)(A). (Dkt. 41.) In that motion, Ms. Howard argued that "extraordinary and compelling reasons" existed for her release within the meaning of § 3582(c)(1)(A)(i) because she suffered from medical conditions (including obesity and diabetes) that increased her risk of experiencing severe symptoms if she contracted COVID-19 and because her minor children were not being adequately cared for by their father or stepfather. (Dkt. 35.) In denying the motion, the Court concluded that Ms. Howard would present a danger to the community if she were released and that the sentencing factors in 18 U.S.C. § 3553(a) did not favor release. (Dkt. 41.) Approximately two months after the Court denied her motion, Ms. Howard filed a *pro se* letter that the Court construes as a motion to reconsider its October 21 Order. (Dkt. 42.) On January 15, 2021, Ms. Howard also filed a renewed

motion for compassionate release. (Dkt. 43.) Those motions are currently before the Court. The Court concludes that it does not require a response from the Government to resolve the issues presented by Ms. Howard's motions.

## II.   LEGAL STANDARDS

Ms. Howard seeks release under 18 U.S.C. § 3582(c)(1)(A)(i). The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The court ultimately possesses broad discretion to determine what constitutes an "extraordinary and compelling reason" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). That said, in keeping with the Seventh Circuit's direction in *Gunn*, the court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in United States Sentencing Guideline § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether a defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. *Id.* at 1180.

Ms. Howard also asks the Court to reconsider its October 21, 2020 Order. "[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances, only three of which are potentially relevant to this case: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "The district court has great latitude in making a Rule 60(b) decision because

3

that decision is 'discretion piled on discretion.'" *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).  Relief under Rule 60(b) is an "extraordinary remedy . . . granted only in exceptional circumstances."  *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely the erroneous application of law." (internal quotation marks and citations omitted)).

## III. DISCUSSION

Nothing in Ms. Howard's motions shows that she is entitled to compassionate release or that the Court erred in denying her original motion for compassionate release.  First, she notes that her children's biological father died, which has devastated her children and left them terrified that she will die, leaving them with no parent.  (Dkt. 42 at 2.)  She states that they now have "no emotional support." *Id.*  But Ms. Howard's original motion stated that her children's father abandoned them in 2019 and had no contact with them after their stepfather adopted them.  (Dkt. 35.)  Moreover, after the children's stepfather abandoned them, Ms. Howard's sister stepped in to care for the children. *Id.*  While the Court certainly sympathizes with the pain Ms. Howard's children must be experiencing in the wake of their biological father's death and their fears for their mother's health, his death did not change anything about their need for care.  Instead, it appears that Ms. Howard's sister is still willing and able to care for her children.  Regardless, this new information does not change the Court's conclusion that Ms. Howard represents an unacceptable danger to the community if she is released.

Second, Ms. Howard notes that on December 14, 2020, her facility (the camp at FMC Lexington) experienced its first positive COVID-19 test and that, after that time, a large percentage

of the inmates at her facility tested positive for the virus. *Id.* She represents that she is the only person in her room who did not test positive for COVID-19. *Id.* She also explains that she faces an increased risk of experiencing severe symptoms if she contracts COVID-19 because she is obese, has diabetes, and is 44 years old. (Dkt. 43 at 2–5.) In addition, she criticizes the way the Bureau of Prisons has handled the COVID-19 pandemic. *Id.* Again, this information does not undermine the Court's conclusion that Ms. Howard would be a danger to the community if she were released.

  Third, Ms. Howard challenges the Court's conclusions that she would be a danger to the community if she were released and that the § 3553(a) factors do not favor release. She notes that she was on pretrial release for 18 months with steady employment and "no issues" with probation and that, if released, she would be working in a non-fiduciary position at the same place she was employed pre-trial. (Dkt. 42 at 3.) She represents that she has completed all the programming she has been allowed to do, including 12 months of psychology programming. *Id.* She states that she has completed more than half her sentence, has worked more than 160 hours monthly for productive activity, is less then 18 months away from her home confinement date, and has fundamentally changed since her incarceration. *Id.* She also represents that she has maintained a clean conduct record. (Dkt. 43 at 8.)

  None of these facts change the Court's conclusions that Ms. Howard would be a danger to the community if she were released and that the § 3553(a) factors do not favor release. The Court was aware of many of these facts at the time of its October 21, 2020 Order, including Ms. Howard's record on pretrial release, how much of her sentenced had been served, and her efforts at rehabilitation. And while the Court commends Ms. Howard's good behavior on pretrial release, her efforts at rehabilitation, and her changed outlook on life, Ms. Howard's track record as a recidivist fraudster is very serious and deserving of significant punishment. Moreover, she is

certainly capable of committing further acts of fraud even if she is employed in a non-fiduciary position. (*See, e.g.*, Dkt. 19 at 8 (detailing facts of 2007 felony theft conviction after Ms. Howard fraudulently obtained $50,000.00 worth of her employer's product and merchandise -- such as iPods and video cameras-- and sold it to her family and friends).) Just over three months ago, the Court concluded that Ms. Howard would be a danger if released and that the § 3553(a) factors do not favor release. While Ms. Howard has now crossed the halfway mark of her sentence, that fact alone is not enough for the Court to change its conclusion.

## IV.  CONCLUSION

For the reasons stated above, Ms. Howard's Motion to Reconsider, dkt. [42], and her Renewed Motion for Compassionate Release, dkt. [43], are **DENIED**.

**SO ORDERED.**

Date:  2/10/2021

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Erica Howard, Reg. No. 16301-028
Federal Medical Center, Satellite Camp
P.O. Box 14525
Lexington, Kentucky  40512

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov